UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAI NGUYEN,<br><br>              Petitioner,<br><br>   v.<br><br>PAMELA BONDI, *et al.*,<br><br>             Respondents. | Case No. C26-460-MLP<br><br>ORDER GRANTING HABEAS RELIEF |

Petitioner Lai Nguyen is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Through counsel, he petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. # 1.) He asserts that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that his redetention violated procedural due process and ICE's own regulations because he received no notice or opportunity to be heard before a neutral adjudicator. He also seeks an order prohibiting removal to a third country without notice and an opportunity to be heard and barring any third-country removal for punitive reasons. Respondents have filed a return (dkt. # 6), together with the supporting declarations of ICE Deportation Officer Andre Ouk (dkt. # 7) and Respondents' counsel Lawrence Van Daley

(dkt. # 8).[1] The Court, having reviewed the parties' submissions and the governing law, GRANTS in part the petition (dkt. # 1).[2]

## I.     BACKGROUND

Petitioner was born in Vietnam in 1970 to a United States citizen father. (Ouk Decl., ¶¶ 3-4.) In May 1990, he immigrated to the United States as a lawful permanent resident through the Amerasian Homecoming Act. (*Id.*, ¶ 4; dkt. # 1, ¶ 15.)

On March 7, 2008, Petitioner was convicted of conspiracy to distribute marijuana and sentenced to 37 months in custody followed by 48 months of supervised release. (Ouk Decl., ¶ 5; Van Daley Decl., Ex. 3.) Officer Ouk states in his declaration that Petitioner was issued a Notice to Appear on May 6, 2009, although the document does not appear in the record. (Ouk Decl., ¶ 6.) On June 11, 2009, an immigration judge ordered Petitioner removed to Vietnam. (*Id.*, ¶ 7; Van Daley Decl., Ex. 5.) The removal order became final on that date because both parties waived appeal. (Van Daley Decl., Ex. 5.) On August 27, 2009, Petitioner was released on an Order of Supervision because he could not be removed. (*Id.*, Ex. 6; *see also* Ouk Decl., ¶ 8; dkt. # 1, ¶¶ 21-22.) On August 22, 2025, at his yearly check-in, Petitioner was detained and has remained at NWIPC since that time. (Dkt. # 1, ¶ 23; Ouk Decl., ¶ 10; Van Daley Decl., Ex. 2 at 3.)

The record does not reflect whether or when any travel document request was submitted to Vietnam, but Officer Ouk states that on January 30, 2026, the local ICE field office "emailed Removal and International Operations ('RIO') for a status update on the travel document request." (Ouk Decl., ¶ 11.)

---

[1] Petitioner's reply to the return is due March 2, 2026. (Dkt. # 2.) The Court finds habeas relief warranted and, accordingly, finds it unnecessary to wait for the reply.

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

ORDER GRANTING HABEAS RELIEF - 2

On February 8, 2026, Petitioner filed the instant action. (Dkt. # 1.) Attached to his petition are several letters from family and friends in support. (Loveless Decl. (dkt. # 1-2), Exs. D-P.) Petitioner has a girlfriend in Seattle, three U.S. citizen children, and two grandchildren. (Dkt. # 1, ¶ 16.) He underwent heart surgery in 2024 and has been unemployed since then due to a related medical disability. (*Id.*, ¶¶ 17, 20.)

As of February 23, 2026, ICE had not received a travel document for Petitioner. (Ouk Decl., ¶ 12.)

## II.     DISCUSSION

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas*, 533 U.S. at 687. A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**A.     Indefinite Detention**

*1.     Legal Standards*

Title 8 U.S.C. § 1231 governs the detention of noncitizens, like Petitioner, who have been ordered removed. Under § 1231(a), the government must detain a noncitizen during the 90-day "removal period." 8 U.S.C. §§ 1231(a)(1)(A), (a)(2). After the removal period expires, the government has discretionary authority to continue to detain certain noncitizens or to release them on supervision. 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits detention to a period reasonably necessary to effect removal and does not permit "indefinite" detention. 533 U.S. at 701. The Supreme Court determined that detention is "presumptively reasonable" for six months following entry of a final removal order while it works to remove the individual. *Id*. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id*. If the government is unable to meet its burden, then the noncitizen must be released from detention. *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

The six-month presumption is not a strict deadline; a noncitizen may be detained beyond six months if removal remains likely. *Zadvydas*, 533 U.S. at 701. Nevertheless, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

    2.    *Analysis*

There is no dispute that Petitioner has been detained longer than the presumptively reasonable period of six months. (*See* dkt. # 6 at 6.) Petitioner notes that it is unclear whether Respondents have even requested a travel document from Vietnam and contends that, as a pre-1995 Vietnamese refugee, he cannot be removed because he lacks a Vietnamese birth certificate or passport and has no remaining family connections there. (Dkt. # 1, ¶¶ 27, 76.) Petitioner has shown good reason to believe that there is no significant likelihood of removal to Vietnam in the reasonably foreseeable future.

Accordingly, the burden shifts to Respondents to rebut Petitioner's showing with evidence. Respondents contend that recent developments, such as Vietnam agreeing in February

1   2025 to accelerate travel document issuance, establish that removal is not unforeseeable. (Dkt.

2   # 6 at 6-7.) Citing media reports, they assert that hundreds of Vietnamese nationals have been

3   removed to Vietnam, including a mass deportation of 93 people in May 2025. (*Id.* at 7.)

4   Respondents do not offer any information on removals of pre-1995 refugees like Petitioner

5   except to acknowledge that there are "additional hurdles" to removing them. (*Id.*) Respondents

6   do not address Petitioner's evidence that the lack of a birth certificate, passport, or family

7   connections render him nonremovable.

8        "Courts in this circuit have regularly refused to find Respondents' burden met where

9   Respondents have offered little more than generalizations regarding the likelihood that removal

10  will occur." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025). The assertion that

11  some Vietnamese nationals have been removed to Vietnam offers no evidence that Petitioner, or

12  others in similar circumstances, is likely to be removed in the foreseeable future.

13       On this record, the government has not obtained travel documents for Petitioner, does not

14  know when such documents might issue, and does not know if they will issue at all. Under

15  *Zadvydas*, that is insufficient to justify continued detention. The Court concludes that habeas

16  relief is thus warranted with respect to Petitioner's indefinite detention claim.[3]

17       **B.   Third Country Removal**

18       Petitioner further seeks an order prohibiting removal to a third country. (Dkt. # 1, ¶¶ 87-

19  104.) He does not claim that he is likely to be subject to such removal, however. For this reason,

20  Petitioner's request for injunctive or habeas relief preventing third country removal is denied

21  without prejudice. *See Tran v. Bondi*, 2025 WL 3140462, at *4 (W.D. Wash. Nov. 10, 2025)

22

---

23  [3] Petitioner seeks relief on the alternative grounds that his redetention violated his procedural due process rights and applicable regulations. (Dkt. # 1, ¶¶ 58-69, 81-86.) Because the Court grants habeas relief pursuant to *Zadvydas*, it need not address these arguments.

(Petitioner's "claims based on the possibility of third-country removal are speculative and invite the court to decide claims that are not part of a live controversy.").

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS that Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part. Within **twenty-four (24) hours** of this Order, Respondents shall release Petitioner from custody subject to reasonable conditions of supervision; and within **two (2) business days** of this Order, Respondents shall file a notice with the Court confirming his release.

Dated this 24th day of February, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge