UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAI NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>Respondents. | Case No. C26-460-MLP<br><br>ORDER |

## I. INTRODUCTION

The Court previously granted Petitioner's petition for writ of habeas corpus. (Dkt. # 9.) Petitioner now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. # 12.) Respondents object only to the number of hours claimed. (Dkt. # 14.) Petitioner filed a reply reducing her fee request. (Dkt. # 15.) The Court ordered the parties to meet and confer on the fee request, but they were unable to reach an agreement. (Dkt. ## 17-18.) Having considered the parties' submissions and the governing law, the Court GRANTS Petitioner's modified request for an award of attorney's fees in the amount of $9,692.25.

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

District courts have discretion to determine "what fee is 'reasonable.'" *Comm'r v. Jean*, 496 U.S. 154, 161 (1990). Fees may be awarded only for hours "reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1982). "The party seeking an award of fees should submit evidence supporting the hours worked." *Id.* at 433. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged[.]" *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). If the district court determines a reduction is warranted, it must "provide a concise but clear explanation of its reasons." *Hensley,* 461 U.S. at 437. Because the party opposing fees has incentive and knowledge of the case, courts may place most of "the burden of producing a sufficiently cogent explanation" for reduction of fees on the opposing party. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

## III. DISCUSSION

There is no dispute that Petitioner is entitled to an award of fees and that the requested statutory fee rate of $258.46 per hour is reasonable. The only dispute concerns the number of reasonable hours. Petitioner submitted records for 43.17 hours of legal work performed by attorney John Loveless and 7.5 hours of supervisory and EAJA motion work performed by attorney Jennifer Pasquarella. (Dkt. # 12 at 6-7; First Pasquarella Decl. (dkt. # 13), Ex. A; Second Pasquarella Decl. (dkt. # 16), Ex. A.) Petitioner now seeks an award of 30.0 hours for Mr. Loveless and 7.5 hours for Ms. Pasquarella. (Dkt. # 15 at 3.) Respondents request that Petitioner be awarded attorney's fees for a total of 24.59 hours. (Dkt. # 14 at 6.) The contested hours are addressed below.

### A. Waiting Time

On January 13, 2026, Mr. Loveless waited at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") from 11:16 a.m. to 4:00 p.m. in an unsuccessful attempt to meet with Petitioner. (Dkt. # 13-1 at 2.) Mr. Loveless returned the next morning at 8:38 a.m. and successfully completed the interview. (*Id.*)

Respondents contend the 4.73 hours spent waiting on January 13 was "unproductive" and should be disallowed. (Dkt. # 14 at 3.) Petitioner argues that meeting with counsel was necessary and time spent waiting to meet is compensable because the long wait was the result of NWIPC's chronic shortage of available rooms and procedures that make attorney access to clients cumbersome. (Dkt. # 15 at 2.) She proposes a reduction from 4.73 to 2.0 hours. (*Id.*)

Meeting with clients is a crucial component of legal representation. Respondents acknowledge as much and do not challenge the time spent meeting with Petitioner on January 14.

Although unsuccessful, Mr. Loveless's time on January 13 was likewise devoted to attempting to meet with her.

The Ninth Circuit has not explicitly addressed EAJA fees for time spent waiting to see a client in custody. In *Nadarajah v. Holder*, however, the Ninth Circuit allowed fees for travel time to meet with detained clients, accepting the petitioner's argument that "the detention center's distant location and cumbersome telephone visitation procedures justified spending so many hours[.]" 569 F.3d 906, 924 (9th Cir. 2009).

Similarly here, while waiting time is not directly spent on litigation, it is necessary to meet with and litigate on behalf of Petitioner. Beyond asserting that waiting time was unproductive, Respondents do not provide rebuttal evidence demonstrating that it was unnecessary to advance the litigation. Furthermore, penalizing lawyers for delays and barriers over which they have no control would undercut the purpose of EAJA and have a chilling effect on the ability of "persons of limited means to find attorneys to represent them." *Astrue v. Ratliff*, 560 U.S. 586, 600-01 (2010) (Sotomayor, J., concurring). The Court finds that time spent waiting at NWIPC to meet with Petitioner in service of effective legal representation was "reasonably expended." The Court accepts Petitioner's concession to reduce this time by 2.73 hours and includes 2.0 hours of waiting time in the EAJA award.

**B. Administrative or Clerical Activities**

Respondents argue that the 0.5 hours Mr. Loveless spent "pulling everything together for filing" on February 6, 2026, should be disallowed as "purely administrative work." (Dkt. # 14 at 4.) Work that could have been performed by a non-lawyer or non-paralegal qualifies as an impermissible clerical activity. *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). However, the

petitioner in *Davis* proposed a 5% reduction in hours "to account for billing errors of this sort[,]" and the court found that such a proposal rendered "a further reduction in the lodestar amount unnecessary." *Id.* Similarly, here, Petitioner has proposed a 20% overall reduction, which will account for any impermissible clerical time. The Court finds this sufficient under *Davis* and does not exclude the time spent gathering filing materials.

**C. Block and Excessive Billing**

Respondents contend that the more than 16 hours Mr. Loveless spent drafting a petition involving "straightforward facts and well-established legal principles that was granted without a traverse" was excessive. (Dkt. # 14 at 5.) Respondents further object to unspecified entries of 2.5 or more hours, contending they lack a sufficient task breakdown. (*Id.*) They argue that Mr. Loveless's hours should be reduced by 30%. (*See id.*)

Petitioner concedes that some reduction in Mr. Loveless's time may be reasonable. (Dkt. # 15 at 3.) She contends that, between removing certain hours from the award request entirely, as addressed above, and the proposed overall reduction of 20% to Mr. Loveless's remaining hours, any excessive billing is accounted for.

The Court agrees. The Ninth Circuit has held that "courts should generally defer to the winning lawyer's professional judgment as to how much time . . . was required" to win their case. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation omitted). While a more detailed breakdown of Mr. Loveless's tasks would have been helpful to the Court's review, Petitioner's proactive reduction of hours suggests the exercise of professional judgment in order to avoid excessive billing. Accordingly, the Court will accept Petitioner's proposed 20% overall reduction in Mr. Loveless's remaining 37.51 hours, and award 30.0 compensable hours.

**D. Supervisory Time**

Respondents argue that Ms. Pasquarella's time should be limited to 3.0 hours for this "routine" petition. (Dkt. # 14 at 5-6.) Petitioner contends Ms. Pasquarella has already exercised billing judgment in paring her supervisory hours to the minimum 3.0 hours necessary to "reasonably supervise and guide the litigation[,]" and Respondents do not challenge the 3.0 hours spent preparing the EAJA Motion. (Dkt. # 15 at 3.) The Court agrees. Beyond Respondents' bare assertion that "routine" habeas cases like this one "do not ordinarily require significant senior attorney oversight" (dkt. # 14 at 5-6), they offer no justification for further reducing Ms. Pasquarella's hours. Respondents have not met their burden to provide rebuttal evidence.

Petitioner submits an additional 1.5 hours for preparing the reply brief, for a total of 7.5 hours. (Dkt. # 15 at 3; Second Pasquarella Decl., Ex. A.) The Court finds this reasonable and awards fees for a total of 7.5 hours of work by Ms. Pasquarella.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for attorney's fees (dkt. # 12), as modified (dkt. # 15), is GRANTED. Petitioner is awarded 37.5 hours of attorney's fees at the statutory rate of $258.46 per hour, for a total award of $9,692.25, pursuant to 28 U.S.C. § 2412(d) and subject to any offset described in *Astrue*, 560 U.S. 586.

Dated this 28th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge